Smith, J.
Zepperlein sued the defendant to recover damages for a personal injury. His petition alleged (substantially) that on August 14, 1882, he was in the employ of the Louisville & Nashville Railroad Co., as a car inspector, at Cincinnati, and that as such his duties called him to examine the tracks and wheels of cars, and to do this he had to go under them. That on the day named, he was so engaged at a place where his employment called him, and where it was„hds duty to be, and while there the defendant negligently pushed a train of cars against the one he was inspecting, whereby, without fault on his part, he was seriously injured and put to great loss and damages, and in the sum of $10,000. The answer of defendant denied all of these allegations.
The evidence showed that plaintiff was in the employ of the Louisville & Nashville R. R. Co., as alleged in his petition, and not in that of the defendant. That at the time of the accident he was engaged in inspecting cars for his company, and was under the middle one of seven, which stood on the high track leading to the Newport bridge, and where the public had no right to be, such high track being in what is known as the yard of said defendant company, and being a *37 part of the main track on which the trains of the Louisville & Nashville Co. run. That plaintiff was accustomed to inspect cars at that point, with the knowledge and permission of the agents of the defendant. While so engaged, a train of cars was rapidly backed by the servants of the defendant company against those plaintiff was inspecting, and the wheel of the one he was inspecting crushed his leg. The only negligence charged was in the management of the train.
The court substantially charged the jury that it was the duty of the defendant to make regulations to prevent injury to persons who might be about the tracks in the yard of the company, on business or otherwise, and that a failure to do this was negligence for which plaintiff' might recover.
Held, that this was erroneous. That aside from the question that no such negligence was charged in the petition, while the law is that it is the duty of a railroad company to make such regulations or provisions, for the safety of its employes as will afford them reasonable protection against the dangers incident to the performance of their respective duties,” as held in the Lavalley case, 36 O. S., 226, there is no such absolute duty as to strangers, or even licensees. And that even as to employes, if there was no rule or regulation looking to their protection, yet if such reasonable provision was made at the time, in any particular case, the company could not be considered negligent for failing to have such a rule, in case an injury resulted.
2. The court charged the jury that if they found for the plaintiff, in estimating his damages they should consider his “ doctor’s bill.” There was no allegation in the petition that any such expenses were incurred — there was proof offered showing that two surgeons had attended upon him for several weeks after his injury, but there was no. evidence as to the value of those services.
Held, that under the pleadings and evidence such charge ought not to have been given. That evidence as to the value of the services was not admissible under the petition as it stood, and there was nothing in the evidence on which to base such charge.
Ramsey, Maxwell & Matthews, for plaintiff in error.
Champion and Williams, for defendant in error.
3. The court refused to give the following special charge to the jury as requested by defendant’s counsel, viz : “If the plaintiff in making out his case, puts in evidence testimony, the whole of which raises a presumption t-hat he was negligent, the burden is put upon him to remove that by further proof.” —The charge asked for was correct, and there being nothing equivalent to it in the charge of the court, as given to the jury, it was error to refuse it.
Judgment reversed and cause remanded for a new trial.